GEORGE THOMAS, BY NEXT FRIEND, HAROLD J. THOMAS, AND HAROLD J. THOMAS, INDIVIDUALLY, RESPONDENTS, v. CHARLES P. DEVINE AND WILLIAM BARCLAY, APPELLANTS.

ANTHONY DILBATIS, BY HIS NEXT FRIEND, JOSEPH DILBATIS, AND JOSEPH DILBATIS, INDIVIDUALLY, RESPONDENTS, v. CHARLES P. DEVINE AND WILLIAM BARCLAY, APPELLANTS.

Submitted October 28, 1927—Decided February 6, 1928.

For the appellants, *John A. Matthews.*

For the respondents, *John W. Lyness* (*Winfield S. Angleman,* of counsel).

The opinion of the court was delivered by

KALISCH, J.  These are appeals from judgments entered in the Supreme Court, on verdicts of a jury, in favor of the plaintiffs and against the defendants, in the court below. The actions were tried together, and the appeals are argued together here.  The defendant appealing is Charles P. Devine.  His co-defendant, Barclay, is not appealing.

The facts are as follows: On the evening of April 5th, 1926, George Thomas, nine years of age, and Anthony Dilbatis, thirteen years of age, while crossing a public street, in the city of Elizabeth, were hit by the defendant, Devine's automobile, which was being driven by his driver, the co-defendant, Barclay.

There was testimony that the automobile was being propelled at a speed between twenty and thirty-five miles an hour; that the car had no lights lit, gave no warning, and was not stopped after the boys were struck.  Both of the boys were seriously injured.

The only ground set up and argued, in the brief of counsel of defendant, as a bar to the plaintiffs' right of any recovery against Devine, is that, at the time of the happening of the accident, the co-defendant Barclay, who had been employed by Devine to drive the car, was not on his master's business.

This ground of appeal is raised upon the refusal of the trial

judge, of a motion made, on behalf of the defendant Devine, for the direction of a verdict in his favor.

An examination of the testimony discloses that Devine hired Barclay to take the former's automobile and to drive one Hoffman down to the latter's daughter's house, and to return with the automobile to his, Devine's place of business. The accident occurred while Barclay was on his return with the automobile to Devine's place of business. So far Devine and Barclay are in accord. They differed in their testimony as to whether any instructions were given to Devine in regard to bringing Hoffman back in the automobile, and also as to what Barclay was to do after Hoffman had arrived at his daughter's house. Barclay testified he received no instructions other than to bring the automobile back to Devine's place of business, whereas Devine testified that instructions were given to Barclay regarding the employment, and were disobeyed by him.

The contradictions in the testimony were for a jury to deal with, and reconcile if that could be done, and the only question for us to determine is, whether the evidence lends any support to the finding of the jury that Barclay was engaged on his master's business. We think the finding of the jury is supported by the evidence.

The trial judge called the attention of the jury to the contradictory state of the testimony, as was developed between Devine's and Barclay's versions of the employment and submitted to the jury, according to correct legal rules, the decision of the question as to whether or not, at the time the accident happened, Barclay was acting within the scope of his employment.

The only other ground of appeal relates to an alleged trial error.

Barclay, the co-defendant, being called as a witness for the plaintiffs was asked, upon cross-examination by counsel of the defendant Devine, this question: "Have you been convicted of driving an automobile on the 5th day of April while under the influence of intoxicating liquor?"

The statute permits a witness to be asked whether he has been convicted of a crime. If he has been, that fact may be

considered by the jury on the question of the credibility of the testimony of the witness. Barclay had been questioned in that regard, and his answer was that he had not been convicted of a crime. Then followed the question to which objection was interposed. Driving an automobile while under the influence of intoxicating liquor is not a crime under any law of this state.

Moreover, from a reading of the testimony given by the witness Barclay, the question put was clearly not cross-examination. There was no proper basis laid for putting the question, since nothing appeared in the testimony which tended to indicate that there was any causal relation between the fact sought to be ascertained and the driving, by Barclay of Devine's car, at the time the accident happened. Furthermore, whether or not Barclay was convicted of intoxication at some other time, was wholly immaterial and irrelevant to the question at issue before the jury. The question was properly excluded.

Judgment is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.